WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURROGATE.—October, 1883.

CARPENTER v. HISTORICAL SOCIETY.

*In the matter of the probate of the will of* THOMAS WRIGHT, *deceased.*

*It seems* that an unincorporated association is not competent to take a bequest for charitable uses.

Bascom v. Albertson, 34 *N. Y.*, 584—followed; Carpenter v. Historical Society, 1 *Dem.*, 606—overruled.

The Historical Society of the county of Westchester is pre-eminently a

literary society; it is competent, as a corporate body, to take a pecuniary legacy to be applied to the erection of a mortuary monument in honor of Revolutionary soldiers; and has a right to intervene as a party upon the proceedings for the probate of an instrument whereby such a legacy is bequeathed.

Historical Societies may be incorporated under the "act for the incorporation of benevolent, charitable, scientific and missionary societies" (L. 1848, ch. 319), which was amended in 1862 (ch. 302) by adding "historical, literary" to the enumeration; notwithstanding that, in 1875, by "an act further to amend" the act of 1848 and its amendatory acts (ch. 649), the word "historical" was omitted. The evident purpose of the act of 1872 was, not to curtail, but to extend the operation of the enabling act, so as to embrace other societies and objects of association.

APPLICATION by the Historical Society of the county of Westchester to be allowed to intervene and become a party to the proceedings for the probate of decedent's will, and of a codicil thereto, propounded by Francis M. Carpenter, the executor therein named. The facts are stated in 1 Dem., Surr. Rep., 606.

R. S. HART, *for executor.*

R. HART, *for St. Mark's Church, legatee and devisee.*

M. G. HART, *for Historical Society.*

THE SURROGATE.—After it was too late to recall the opinion in this case, reported in 1 Demarest's Surr. R., 606, which was prepared without any argument or reference to authorities by counsel, I discovered that the doctrines of the earlier cases, holding that unincorporated associations were competent to take bequests for charitable uses, had been overruled in Bascom v. Albertson (*34 N. Y., 584*). Whatever my own views may be, that authority is controlling. Hence it becomes necessary to determine whether the society has a corporate existence. I am inclined to think it has.

The " Act for the incorporation of benevolent, charitable, scientific and missionary societies," passed April 12th, 1848 (*Sess. Laws, p. 449*), was amended by an act passed in 1862 (*Sess. Laws, p. 510*) by adding the words "historical, literary." In 1872 (*Sess. Laws, p. 1541*), the legislature passed an act which was entitled " An act to further amend " the act of 1848, by which the provisions of it were further extended, but in which the word "historical" was omitted. The words "further to amend" seem to imply a knowledge on the part of the legislature of the amendment of 1862, and the language of the title indicates an intention not to curtail, but to extend the amendment of the enabling act so as to embrace other societies and objects of association. No part of the act of 1862 is expressly repealed, or in any way referred to save by the words mentioned in the title, as above stated. It is a familiar rule that repeal by implication is not favored.

But there is another view which may be taken as furnishing a reason why the word "historical" was omitted, if intended so to be, by the act of 1872. The word "literary " I think embraces such a society. The word is generic. College societies having for their objects improvement in debate, the reading of compositions, etc., are essentially literary. So of mechanics' institutes and associations, bar associations, and any others where the object is mental improvement and culture.

The very word " literary " is defined to signify "pertaining to letters or literature ; " and "literature " embraces history, while "historical " is defined as "containing history or the relation of facts." The object of the " Historical Society of the county of Westches-

ter" is, as I understand it, for the members to gather up facts, existing in some vague and crude form, regarding the past history of the county, to write them out, and read, at the meetings of the society, the papers, so written. Thereupon discussions arise, etc. At the opening of their sessions, I understand, one or more addresses are made. All the papers so read and discussed are preserved by the society. Thus, I think, it will be seen that the Historical Society is pre-eminently a literary society, and, as there is no question as to the regularity of the proceedings to effect its incorporation, it is competent to take the legacy for the purpose indicated by the testator, and had a right to appear as a party to this proceeding.